UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN REYNARD SMITH, <br> Plaintiff, <br> v. <br> SOCIAL SECURITY ADMINISTRATION, <br> Defendant. | Case No. 17-cv-03768-JCS (PR) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** <br> Dkt. No. 4 |

# INTRODUCTION

Plaintiff, a former California state prisoner, alleges in this federal suit that the Social Security Administration failed to notify him that his Social Security number had been misused. The complaint fails to state any claim for relief. Accordingly, the Court DISMISSES the complaint with leave to file an amended complaint on or before **November 2, 2017**.[1]

# DISCUSSION

## A. Standard of Review

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Dkt. No. 5.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

1 *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

2 conclusions cast in the form of factual allegations if those conclusions cannot reasonably

3 be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55

4 (9th Cir. 1994).

**B.     Legal Claims**

Plaintiff alleges that his "Social Security number has been used wrongfully for filing taxes, for which I did not give permission to file." (Compl. at 3.)  He further alleges that "The Social Security Administration . . . has not contacted me regarding these incidents that occur[r]ed" in 2014, 2015, and 2016.  (*Id.*)

These allegations are insufficient to state a claim for relief.  First, plaintiff has not shown any liability on the part of the Social Security Administration ("SSA").  It appears that some person or persons misused his Social Security number ("SSN").  The fault, therefore, lies with such persons, not with the SSA.

Second, plaintiff has not identified any law that requires that the SSA contact him when fraudulent use of his SSN occurs.  In his amended complaint, plaintiff must identify what law or legal theory forms the basis of the SSA's liability.

Third, plaintiff's allegations are bare of specifics, such as what amounts he believes are owed to him because of the misuse of his SSN.  In his amended complaint, plaintiff must include as many details as he can for each of the years he lists in his complaint.

Fourth, plaintiff should consider whether filing suit is the best means of securing redress.  He should consider contacting the SSA or the IRS to discuss the various methods available to remedy whatever wrongs were done to him, and voluntarily dismiss this lawsuit.

**CONCLUSION**

The complaint is DISMISSED with leave to amend.  **Plaintiff shall file an amended complaint on or before November 2, 2017.**  The first amended complaint must include the caption and civil case number used in this order (17-03768 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  It must address all deficiencies

discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Any claims not raised in the amended complaint will be deemed waived. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 4) is GRANTED.

The Clerk shall terminate Dkt. No. 4.

**IT IS SO ORDERED.**

**Dated:** September 27, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN REYNARD SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION DEPARTMENT OF CALIFORNIA,<br><br>    Defendant. | Case No. 17-cv-03768-JCS<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on September 27, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Adrian Reynard Smith ID: #567942
3554 17th Street, Apt. 2
San Francisco, CA 94110


Dated: September 27, 2017

                                                   Susan Y. Soong
                                                 Clerk, United States District Court

                                                 By:_____
                                                 Karen Hom, Deputy Clerk to the
                                                 Honorable JOSEPH C. SPERO